1

2

3

4

5

6

7                         UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   GARY D. EASLEY,                          No.  2:13-cv-01106-AC-P

11              Petitioner,

12        v.                                  ORDER AND FINDINGS AND
                                             RECOMMENDATION
13   STATE ATTORNEY GENERAL,

14              Respondent.

15

16        Petitioner is a state prisoner proceeding pro se with a first amended habeas corpus

17   application pursuant to 28 U.S.C. § 2254.[1]  He challenges his 2010 conviction for misdemeanor

18   possession of methamphetamine.  ECF No. 9.  Respondent has filed a motion to dismiss the

19   petition, asserting that petitioner has failed to exhaust his state court remedies with respect to any

20   of his claims rendering the petition wholly unexhausted.  See ECF No. 12.  Petitioner has filed an

21   opposition to the motion, albeit untimely, which the court has read and considered.[2]  ECF Nos. 20

22   (opposition); 18 (order granting petitioner one last extension of time to file an opposition).

23   Respondent has also filed a reply to petitioner's opposition to the motion to dismiss.  ECF No. 22.

24   For the reasons outlined below, the undersigned recommends that respondent's motion to dismiss

25   ────────────────────

26   [1] The first amended habeas petition supersedes the original petition filed on June 3, 2013.  See
     ECF No. 1.

27   [2] To the extent that petitioner's opposition includes a request to transfer this case to the Fresno
     Division of this court, said request will be denied because there is no legal or factual basis for

28   doing so.  See ECF No. 21 at 4-5.

                                              1

1    be granted and that petitioner's amended federal habeas corpus petition be dismissed without

2    prejudice.

3    I.    Factual and Procedural Background

4        Petitioner was arrested on January 15, 2004 and charged with possession of 0.9 grams of

5    methamphetamine.  See ECF No. 21 at 7-8 (direct appeal opinion).  Following the denial of his

6    motion to suppress evidence, he entered a no contest plea to the misdemeanor offense and

7    received a deferral of judgment as well as a dismissal of the remaining charges.  Id. at 6.  After

8    petitioner violated the terms of his diversion on two separate occasions, the trial court terminated

9    his diversion, imposed judgment and sentenced petitioner to 90 days in custody followed by 24

10   months of summary probation.  Id. at 6-7.

11       Petitioner appealed his conviction in propia persona to the California Court of Appeal

12   which affirmed the trial court's judgment on March 5, 2013.  See ECF No. 21 at 6-24

13   (unpublished opinion).  A search of the California Courts' website did not reveal the filing of a

14   petition for review in the California Supreme Court.  This court takes judicial notice of the state

15   court records which are available on the Internet at http://appellatecases.courtinfo.ca.gov.  See

16   Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of

17   relevant state court records in federal habeas proceedings); overruled on other grounds by Pace v.

18   Diguglielmo, 544 U.S. 408, 418 (2005).  Additionally, petitioner did not file any state habeas

19   corpus petitions challenging his conviction.

20   II.   Motion to Dismiss

21       Respondent seeks dismissal of the amended federal habeas corpus petition because none

22   of the claims raised therein were ever presented to the California Supreme Court either on direct

23   review or in state habeas proceedings.  See ECF No. 12.

24   III.  Opposition to Motion to Dismiss

25       In his untimely opposition, petitioner raises two main arguments to explain his failure to

26   exhaust state court remedies.  He first recounts his efforts to file an untimely petition for review

27   in the California Supreme Court.  See ECF No. 20 at 6 (affidavit of petitioner).  In a sworn

28   affidavit, petitioner states that he attempted to file a petition for review in the California Supreme

2

1    Court on April 17, 2013 in person, but he was informed by the Clerk of Court that the court no

2    longer had jurisdiction over his case.  Id.  Petitioner also attached a letter from the California

3    Supreme Court indicating that it was returning his petition for review received on April 16, 2013

4    unfiled because it exceeded the word limit, failed to include a copy of the opinion being appealed,

5    and because it did not include a request to file an untimely petition.  See ECF No. 21 at 2.  While

6    this exhibit corroborates petitioner's affidavit regarding his efforts to file a petition for review, it

7    ultimately demonstrates that no such petition was ever properly filed.  See Pace v. Diguglielmo,

8    544 U.S. 408 (2005).  Petitioner does not indicate that he made any further attempts to comply

9    with the California Supreme Court's instructions and re-file this petition for review.  As indicated

10   previously, a search of state court records indicates that no petition for review of the relevant

11   judgment was ever filed.  Petitioner does not allege that he attempted to exhaust his claims by

12   filing a habeas corpus petition in the California Supreme Court.

13          Apparently recognizing this procedural deficiency, petitioner argues that he has been

14   prevented from exhausting his state court remedies due to "outside terrorist activities and

15   harassments…."  ECF No. 20 at 3.  Petitioner asserts that the State of California persecuted him

16   "when it took measures to prevent the filing of his claims that a group was harassing him and

17   impeding him from filing his appeal."  Id. at 4.  However, nowhere in his opposition or the

18   exhibits attached thereto does petitioner identify the group is that allegedly harassed him or the

19   specific actions they took to prevent him from exhausting his state court remedies.  As will be

20   explained below, a state court's enforcement of its own procedural rules does not "render such

21   process ineffective to protect the rights of the applicant."  See 28 U.S.C. § 2254(b)(1)(B)(ii).

22   IV.    Exhaustion Principles

23          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

24   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

25   entitled to relief in the district court...."  The Advisory Committee Notes to Rule 5 of the Rules

26   Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by

27   the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth

28   Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to

1  exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing

2  § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); White v. Lewis,

3  874 F.2d 599, 602–03 (9th Cir. 1989).  Based on the Rules Governing Section 2254 Cases and

4  case law, the court will review respondent's motion for dismissal pursuant to its authority under

5  Rule 4.

6       The exhaustion of available state remedies is a prerequisite to a federal court's

7  consideration of claims sought to be presented in habeas corpus proceedings.  See 28 U.S.C. §

8  2254(b); see also Rose v. Lundy, 455 U.S. 509 (1982).  A petitioner can satisfy the exhaustion

9  requirement by providing the highest state court with a full and fair opportunity to consider all the

10  claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971),

11  Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).  The

12  exhaustion "requirement serves to minimize friction between federal and state courts by allowing

13  the state an initial opportunity to pass upon and correct alleged violations of a petitioner's federal

14  rights, and to foster increased state court familiarity with federal law."  Buffalo v. Sunn, 854 F.2d

15  1158, 1163 (9th Cir. 1988).  In this manner, the exhaustion requirement is a matter of federal-

16  state comity rather than jurisdiction.  See Granberry v. Greer, 481 U.S. 129 (1987).

17       When presented with a wholly unexhausted federal habeas corpus petition, a federal

18  district court must dismiss the petition pending the exhaustion of state court remedies.  See

19  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (completely unexhausted petition must

20  be dismissed without prejudice); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001) (holding that the

21  district court properly dismissed the federal habeas petition even though at the time of dismissal

22  the claims were exhausted in state court).  While the advent of AEDPA's one year statute of

23  limitations has led to the development of judicially-crafted procedures to deal with exhaustion

24  issues, this court has no authority to stay a wholly unexhausted federal habeas petition such as

25  petitioner's.  See Rhines v. Weber, 544 U.S. 269 (2005) (authorizing stay and abeyance of a

26  mixed federal habeas corpus petition); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (after Rhines

27  district court may still stay a petition that has been amended to state only exhausted claims,

28  pursuant to Kelly v. Small, 35 F.3d 1063 (2003)); Raspberry, 448 F.3d 1150 (declining to extend

1    the <u>Rhines</u> stay and abeyance procedure to wholly unexhausted petitions).

2    V.      <u>Analysis</u>

3        After reviewing the motion to dismiss as well as the opposition and its exhibits, the

4    undersigned finds that petitioner has failed to properly exhaust his state court remedies with

5    respect to any of the claims raised in his amended federal habeas corpus petition.  To the extent

6    that petitioner alleges that he should be excused from the exhaustion requirement, the

7    undersigned finds that petitioner's conclusory allegations that he was prevented from filing a

8    petition for review in the California Supreme Court do not satisfy the exception found in 28

9    U.S.C. § 2254(b)(1)(B)(ii).  <u>See</u> <u>James v. Borg</u>, 24 F.3d 20, 26 (9th Cir. 1994) (emphasizing that

10    "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant

11    habeas relief.").  The California Supreme Court's decision to enforce its rules concerning the

12    timeliness and content of petitions for review does not render that process "ineffective to protect

13    the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(ii).

14        Petitioner's argument is more suggestive of the cause and prejudice standards for excusing

15    a federal habeas petitioner's procedural default of a claim.  <u>See</u> <u>Buffalo v. Sunn</u>, 854 F.2d at 1162

16    (explaining the "two related but distinct doctrines of federal habeas corpus law-exhaustion of

17    state remedies and state procedural default….").  The distinction between exhaustion and

18    procedural default turns on whether any state remedies remain available to petitioner.  <u>Id.</u> at 1163.

19    In this case, there is no assertion that petitioner is barred from returning to state court to present

20    his claims.  <u>See</u> 28 U.S.C. § 2254(c) (stating that "[a]n applicant shall not be deemed to have

21    exhausted the remedies available in the courts of the State… if he has the right under the law of

22    the State to raise, by any available procedure, the question presented.").  Accordingly, the

23    undersigned finds that petitioner's argument that the state caused his lack of exhaustion and

24    should therefore be estopped from relying on this federal habeas requirement is not germane to

25    the issue before the court.  For these reasons, the undersigned finds that petitioner has failed to

26    exhaust his state court remedies as to any of the claims raised in the instant federal habeas corpus

27    petition.

28    ////

1    Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this

2  case to a district court judge.

3    IT IS FURTHER RECOMMENDED that:

4    1.  Respondent's motion to dismiss (ECF No. 12) be granted; and,

5    2.  Petitioner's amended federal habeas corpus petition (ECF No. 9) be dismissed without

6  prejudice for failing to exhaust state court remedies.

7    These findings and recommendations are submitted to the United States District Judge

8  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

9  after being served with these findings and recommendations, any party may file written

10  objections with the court and serve a copy on all parties.  Such a document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

12  he shall also address whether a certificate of appealability should issue and, if so, why and as to

13  which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

14  applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

15  § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after

16  service of the objections.  The parties are advised that failure to file objections within the

17  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

18  F.2d 1153 (9th Cir. 1991).

19  DATED: May 1, 2014

20  

ALLISON CLAIRE
21  UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

6